UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

RONALD FUZIA,

       Petitioner,

       **OPINION & ORDER**
-against-            05-CV-0773 (SJF)

DONNA LEWIN, Superintendent, Hudson
Correctional Facility,

       Respondent.

------------------------------------------------------------ X

FEUERSTEIN, J.:

On August 6, 2001, petitioner Ronald Fuzia (petitioner) was convicted in the Supreme Court of the State of New York, Suffolk County, of two counts of manslaughter in the second degree (N.Y. Penal Law § 125.15), two counts of vehicular manslaughter in the second degree (N.Y. Penal Law § 125.12), one count of assault in the second degree (N.Y. Penal Law § 120.05), one count of vehicular assault in the second degree (N.Y. Penal Law § 120.03), and driving while intoxicated (N.Y. Vehicle and Traffic Law § 1192). He now seeks, by counsel, a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, the petition is denied and the proceeding is dismissed.

I. BACKGROUND

  A. Factual Background

The following facts were taken from the trial transcript dated July 16, 2001. (T.). In the

-1-

early-morning hours of June 3, 2000, petitioner drove his 1992 Chevrolet Camaro with four passengers into a parked, unoccupied Oldsmobile on Great River Road, Great River, New York. (T. at 165, 182). Two of the passengers died. (T. at 412, 519).

At trial, the surviving passengers, who were petitioner's close friends, testified that petitioner was intoxicated (T. at 266, 389, 670); that he had been drinking beer for some four or more hours prior to the accident (T. at 157, 227, 202, 470-92); that he was driving recklessly and going through stop signs, traveling more than twenty miles per hour above the posted speed limit, on the wrong side of the road (T. at 172-81, 367, 444-49, 509-17, 748); that he lost control of his car (T. at 320); that he drove over a cobblestone driveway, through fence posts, skidded sideways and hit the parked car (T. at 182, 321, 743-46); and that his car flipped onto its roof. (T. at 182, 321). Police and emergency crews responded within minutes of the accident. (T. at 380).

On September 5, 2001, petitioner was convicted after a bench trial before Judge Michael Mullen of two counts of manslaughter in the second degree (N.Y. Penal Law § 125.15), two counts of vehicular manslaughter in the second degree (N.Y. Penal Law § 125.12), one count of assault in the second degree (N.Y. Penal Law § 120.05), one count of vehicular assault in the second degree (N.Y. Penal Law § 120.03), and driving while intoxicated (N.Y. Vehicle and Traffic Law § 1192). Petitioner's counsel successfully persuaded the trial court to dismiss a sixth count under N.Y. Vehicle and Traffic Law § 1192.2 for the *per se* violation of driving while intoxicated. Petitioner was sentenced to an indeterminate term of imprisonment of from three and one-half to ten and one-half years.

B.   Procedural Background

Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, Second Judicial Department on the grounds: (1) that the People failed to prove his guilt beyond a reasonable doubt; and (2) that the sentence imposed was unduly harsh and excessive. On February 2, 2004, the Appellate Division affirmed the conviction. People v. Fuzia, 4 A.D.3d 373, 770 N.Y.S.2d 877 (N.Y. App. Div. 2004). On May 11, 2004 petitioner was denied leave to appeal to the New York Court of Appeals. People v. Fuzia, 2 N.Y.3d 799, 814 N.E.2d 470, 781 N.Y.S.2d 298 (2004).

Petitioner moved to vacate his judgment of conviction under N.Y. C.P.L. §§ 440.10(f) and (h) on the grounds that he was denied the effective assistance of counsel in that his counsel, *inter alia*, deprived him of his constitutional right to testify. On March 15, 2004, the trial court denied the motion. (Mullen, J.). On June 28, 2004, the Appellate Division denied leave to appeal from that decision. People v. Fuzia, ___ A.D.3d ___, ___ N.Y.S.2d ___ (N.Y. App. Div. 2004).

On March 1, 2005, petitioner filed a petition for a writ of habeas corpus with this court on the grounds that his trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth amendments to the United States Constitution, before, during and after the trial.

II. THE AEDPA

    A. Exhaustion

Prior to bringing a petition for habeas corpus relief in federal court, a petitioner "must exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or] [that] circumstances exist that render such process ineffective to protect the rights of the prisoner.'" Fama v. Commissioner of Correctional Services, 235 F.3d

804, 808 (2d Cir. 2000) (citation omitted, insertions in original). Exhaustion requires the petitioner to have "fairly presented" to the highest state court "both the factual and legal premises of the claim he asserts in federal court." Jones v. Keane, 329 F.3d 290, 294-95 (2d Cir. 2003) (internal quotations and citation omitted).

Since the bases of petitioner's claims were not in the record, petitioner could not raise an ineffective assistance of counsel claim on his direct appeal, and brought these matters before the trial court on a motion to vacate his judgment of conviction pursuant to N.Y. C.P.L. § 440.10. People v. Nicholson, 269 A.D.2d 868, 869, 704 N.Y.S.2d 432, 433-34 (N.Y. App. Div. 2000), followed by, Acosta v. Couture, No. 99-CIV- 9727, 2003 WL 272052, at *6 (S.D.N.Y. Jan. 23, 2003); see People v. Bello, 23 A.D.3d 152, 153, 802 N.Y.S.2d 692 (N.Y. App. Div. 2005) (affirming state court conviction and holding that ineffective assistance of counsel claim is unreviewable on direct appeal since it involved matters outside the record that would require an expansion of the record by way of a motion to vacate the judgment of conviction). Petitioner's motion was denied and the Appellate Division denied leave to appeal. People v. Fuzia, ____ A.D.3d ____, ____ N.Y.S.2d ____ (N.Y. App. Div. 2004). It is undisputed that petitioner's claims of ineffective assistance of counsel were properly exhausted.

B. Standard of Review

A petition for a writ of habeas corpus filed by a person in state custody is governed by, *inter alia*, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(d). Pursuant to that provision, an application for a writ of habeas corpus

> shall not be granted with respect to any claim that was adjudicated on the merits in

> State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). "Adjudication on the merits" means "a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural or other ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001). Petitioner's claims were adjudicated on the merits on his motion to vacate the judgment of conviction.

Once the claims have been adjudicated on the merits, under the "contrary to" clause of § 2254(d)(1), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 145 L.Ed.2d 389 (2000). Under the "unreasonable application" clause of § 2254(d)(1), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principal from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. Under this standard, "a federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411, S.Ct. 1495; see Gilchrist v. O'Keefe, 260 F.3d 87, 93 (2d Cir. 2001). Under the AEDPA, determination of the factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and

convincing evidence." § 2254(e)(1).

    1.    Petitioner's Claim of Ineffective Assistance of Counsel

In order to prevail on a Sixth Amendment claim, a petitioner must prove that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The trial court engaged in a full and careful analysis of the Strickland standard and applied it to the facts of this case, specifically addressing petitioner's claims. The trial court found that petitioner's counsel's representation did not fall below the objective standard of reasonableness that Strickland requires, and " no probability that, except for trial counsel's conduct, the result would have been different." Id. (citing) People v. Baldi, 54 N.Y.2d 137, 147, 444 N.Y.S.2d 893, 429 N.E.2d 400 (1981) ("So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met."). Pursuant to §2254, the trial court's decision is presumed to be correct, (see Rice v. Collins, 126 S.Ct. 969, 974, 163 L.Ed.2d 824 (2006) (holding that state-court factual findings are presumed correct and that petitioner has the burden of rebutting the presumption by clear and convincing evidence), and petitioner has not rebutted the findings of the trial court by clear and convincing evidence as he is required to do under the AEDPA.

Simple disagreements over trial strategies or tactics are not sufficient by themselves to

establish ineffectiveness. Singleton v. Duncan, No. 03-CV-561, 2006 WL 73734, at * 14 (E.D.N.Y. Jan. 10, 2006); People v. Flores, 84 N.Y.2d 184, 187, 615 N.Y.S.2d 662, 639 N.E.2d 19, (1994). "Among the 'virtually unchallengeable' tactical decisions left to the judgment of trial counsel are determinations regarding the defense strategy adopted at trial." Gluzman v. United States, 124 F.Supp.2d 171, 174 (S.D.N.Y. 2000) (citing United States v. Simmons, 923 F.2d 934, 956 (2d Cir. 1991)). As the trial court found, petitioner's trial counsel was an effective trial advocate and successfully persuaded the trial court to dismiss one of the charges. Young v. McGinnis, No. 98-CV-281, 2006 WL 463507, at * 44 (E.D.N.Y. Feb. 24, 2006) (finding that defense counsel's representation, on the whole, was effective where he objected to the prosecutor's request to introduce evidence of a prior uncharged crime, delivered opening and closing statements, registered appropriate objections during trial, and effectively cross-examined prosecution witnesses); Cunningham v. Bennett, No. 02-CV-4635, 2005 WL 1162475, at *10 (E.D.N.Y. May 16, 2005) (finding that defense counsel was effective where he successfully argued to limit introduction of uncharged bad acts, made strong opening and closing statements, conducted a powerful cross-examination of government witnesses and mounted a cohesive defense).

Accordingly, I find that the trial court's decision was not an unreasonable application of federal law and relief is not warranted on these claims.

Petitioner also attacks the trial court's failure to conduct an evidentiary hearing. However, the failure to hold a hearing is not an independent ground for habeas relief. "[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." Jones v. Duncan, 162 F.Supp.2d 204, 217 (S.D.N.Y. 2001) (citing Circuit Court

cases); Turner v. Sullivan, 661 F.Supp. 535, 540-41 (E.D.N.Y. 1987), aff'd, 842 F.2d 1288 (2d Cir. 1988) (holding that a writ of habeas corpus may not issue on the basis of a perceived error in state law regarding denial of a § 440.10 motion).

III. CONCLUSION

The petition for a writ of habeas corpus is denied in its entirety and the proceeding is dismissed. Since petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See, 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED

/s/ Sandra J. Feuerstein
United State District Judge
Dated: August 2, 2006
Central Islip, New York

To:

Raymond E. Kerno, Esq.
Attorney for Petitioner
1527 Franklin Avenue
Suite 104
Mineola, New York 11501


Thomas J. Spota
Suffolk County District Attorney's Office
200 Center Drive
Riverhead, New York 11901